23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Claude M. STURGIS, Plaintiff-Appellant,
v.
SEAFARERS INTERNATIONAL UNION; Seafarers Pension Plan,
Defendants-Appellees.
 No. 93-2035.
 United States Court of Appeals,
Fourth Circuit
 Argued April 13, 1994.
Decided May 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of VA, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-92-1298)
 Rice Arthur Jett, Jr., Jett, Berkley, Furr & Padgee, Norfolk, Virginia, for appellant.
 Carroll Arthur Rutter, Jr., Rutter & Montagna, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILLIAMS, Circuit Judges, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff is a member of Seafarers International Union and has received disability benefits from its Seafarers Pension Plan since around 1979. Since 1981 he has received a monthly benefit of $300 plus small bonuses in some years. He sought an increase in his benefits, asserting that increases had been given to other members and that his payments were not adequate to meet the needs of him and of his wife. His request was denied by the trustees of the plan.
 
 
 2
 Plaintiff then filed suit against the plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.Sec. 1001 et seq. and the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 141 et seq., alleging that the denial of his request was arbitrary and capricious. The district court granted summary judgment for the defendant, holding that the procedures and regulations governing the pension plan were reasonable and were reasonably and properly applied to plaintiff's claim.* We affirm.
 
 
 3
 The trustees have explained that the benefits under plaintiff's pension were fixed as of the time his pension began, based on contributions then and theretofore made to the pension fund by employers, while benefits for employees currently qualifying for pensions are based upon substantially larger contributions made by employers in later years and at present. The district court held that it was not unreasonable to fix benefits keyed to the level of contributions made at the time the employee qualified for his pension, and that it was not unreasonable to fix higher benefits for those who retired at a later time when employer contributions were greater and the assets of the trust therefore larger. And, the court held, it was not unreasonable that the plan had no provisions for a general retroactive increase to bring benefits under older pensions to the level of those of newer pensions. Additionally, the provisions of the plan, and the application of them, were not unreasonable in not granting increases in benefits based upon hardship and higher costs of living.
 
 
 4
 Plaintiff says that the trustees arbitrarily refused to waive the "125-day" rule. That rule relates to situations in which the plan is amended to prospectively raise benefits for employees newly qualifying for pensions. For an employee to qualify for benefits at the increased level he must have had 125 days of covered service in the year before he applies. At times the trustees have waived this requirement for newly qualifying persons who have been disabled before completing 125 days of covered service. This rule relates to persons newly qualifying for pensions. Neither the rule nor the waivers of it have any application to plaintiff who retired from the industry many years ago.
 
 
 5
 No basis is shown to this court to indicate that the district court erred in finding that the regulations and procedures and the application of them to the plaintiff were not reasonable.
 
 AFFIRMED
 
 
 *
 The district court was in doubt whether the decision of the trustees was reviewable under an ERISA abuse of discretion standard, Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989), or an LMRA arbitrary and capricious standard, United Mine Workers of Am. Health & Retirement Funds v. Robinson, 455 U.S. 562 (1982). It viewed the two standards as essentially the same and held that it should not disturb the action taken by the trustees if it found that they had a reasonable basis for their decision. On this appeal the parties do not question the standard employed